In re PETITION FOR REINSTATEMENT to the Practice of Law of James L. LAWTON, III, Petitioner.

No. C2-87-72.

Supreme Court of Minnesota.

Aug. 22, 1996.

### ORDER

On October 27, 1995, this court suspended petitioner James L. Lawton, III from the

---

practice of law for a period of 6 months. Petitioner has filed a petition for reinstatement and a Panel of the Lawyers Professional Responsibility Board held a hearing on the petition pursuant to Rule 18, Rules on Lawyers Professional Responsibility. At the conclusion of the hearing, the Panel found that petitioner has undergone the moral change necessary to again be certified to the public as trustworthy and that he is presently fit for reinstatement subject to certain conditions.

This Court, having considered all of the facts and circumstances surrounding this matter, the petition for reinstatement and the Panel recommendation, NOW ORDERS:

(1) That petitioner James L. Lawton, III is reinstated to the practice of law subject to the provisions of this order.

(2) That petitioner is prohibited from engaging in the solo practice of law until further order of this court except where he is working as an independent contractor or has associated with another experienced practitioner who is jointly responsible for the representation of clients.

(3) That petitioner shall successfully complete the professional responsibility portion of the bar examination by November 10, 1996.

(4) That petitioner be placed on 2 years' supervised probation subject to the following conditions:

(a) Petitioner shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Petitioner shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, petitioner shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

(b) Petitioner shall abide by the Minnesota Rules of Professional Conduct.

(c) Petitioner shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Petitioner shall provide to the Director the names of four attorneys who have agreed to be nominated as petitioner's supervisor within 2 weeks from the date this stipulation is executed. If, after diligent effort, petitioner is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, the petitioner shall on the first day of each month provide the Director with an inventory of active client files described in paragraph d below. Petitioner shall make active client files available to the Director upon request.

(d) Petitioner shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Petitioner shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Petitioner shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Petitioner's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

(e) Petitioner shall initiate and maintain office procedures which ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which petitioner is handling, and which will ensure that petitioner regularly reviews each and every file and completes legal matters on a timely basis.

(f) Within 30 days from the execution of this stipulation, petitioner shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that petitioner is in compliance with probation requirements. Petitioner shall provide progress reports as requested.

(g) If petitioner is not employed by an attorney who provides and maintains a trust account, petitioner shall maintain books and records concerning law office income and expenses and funds held on behalf of clients in compliance with Rule 1.15, Rules on Lawyers Professional Responsibility, and LPRB Amended Opinion No. 9. By the first day of each month, petitioner shall make all books and records pertaining to his office and trust accounts available to his supervisor. Such books and records shall also be made available to the Director upon request.

(5) That at any time following petitioner's successful completion of 2 years' probation, he may, by affidavit, request authorization of the court to engage in the solo practice of law. At least one month prior to such request, petitioner shall notify the Director's Office of his intention to seek authorization for solo practice, and the Director shall file a responsive affidavit which may, for good cause, request a hearing on the appropriateness of petitioner's return to solo practice.

BY THE COURT:

Alan C. Page
Associate Justice